# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **MICHAEL STANLEY TOWNSEL,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) **Case No.: 4:17-CV-516-VEH** |
| v. | ) |
| | ) |
| **KIM THOMAS, et al,** | ) |
| | ) |
| Defendants. | ) |

## ORDER ON MOTION FOR PROTECTIVE ORDER

The Court has received the parties' Joint Motion Stipulated Protective Order. The Court receives many such motions and proposed orders. Rather than reviewing and requiring changes to such proposed orders, the Court hereby enters the protective order set out below.[1]

## PROTECTIVE ORDER

### 1. PURPOSES AND LIMITATIONS

Disclosure and discovery in this Litigation are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Litigation (as hereinafter defined) is warranted.

---

[1] Except to the extent that this Protective Order is entered, such motion is **DENIED** without prejudice to the right of any Party to file a motion seeking additional protection (or relief from the protection set out herein). Any such motion **MUST** specify why this Protective Order should be modified for this Litigation.

2. DEFINITIONS

    2.1 Party: any party to this Litigation, including any officer, director, employee, representative, agent, consultant, retained expert, outside counsel (and their support staff), or other person or entity acting or purporting to act on behalf or at the direction of any such party.

    2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this Litigation.

    2.3 "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible thing that qualifies for protection.

    2.4 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

    2.5 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this Litigation.

    2.6 Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

    2.7 Protected Material: any Disclosure or Discovery Material that is designated as "Confidential."

    2.8 Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this Litigation.

    2.9 House Counsel: attorneys who are employees of a Party.

    2.10 Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.11 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to this Litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Litigation and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this Litigation.

2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.13 <u>Litigation</u>: The action bearing the case style set out above, including any continuation or appeal hereof.

3. <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted from Protected Material, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. <u>DURATION</u>

Even after the termination of this Litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise ordered, material that qualifies for protection under this Order must be clearly designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) as to information in documentary form (apart from transcripts of depositions or of other pretrial or trial proceedings), that the Producing Party affix the legend "Confidential" on each page that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order; then, before producing the specified documents, the Producing Party must affix the appropriate legend ("Confidential") at the top of each page that contains Protected Material.

(b) as to depositions, deposition testimony shall be deemed CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER only if designated as such. Such designation shall be specific as to the portions to be designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. Depositions, in whole or in part, shall be designated on the record as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER at the time of the deposition. Deposition testimony so designated shall remain CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER until twenty (20) days, after delivery of the transcript by the court reporter. Within such period (twenty (20) days after delivery of the transcript), a designating party may serve a Notice of Designation to all parties of record as to specific portions of the transcript to be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER. Thereafter, those portions so designated shall be protected as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER pending objection under the terms of this Order. The failure to serve a Notice of Designation shall waive the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation made on the record of the deposition. Only those portions of the testimony that are so designated for protection as provided in this subparagraph shall be covered by the provisions of this Protective Order.

(c) as to information produced in some form other than as described in subparagraphs (a) and/or (b) of this paragraph 5.1, including any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend: "Confidential."

5.2 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice-to-voice or face-to-face dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, or reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.2 <u>Motion for Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue. If the designation of Protected Material as "Confidential" is challenged by any person, including the Court *sua sponte*, the Designating Party bears the burden of establishing the confidential

5

nature of the Protected Material.

6.3     Court's Disclaimer. This Court hereby disclaims any inference that any information designated "Confidential" in fact is confidential or should otherwise be protected.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this Litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When this Litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

7.2     Storage. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.3     Disclosure of "Confidential" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to:

(a)     the Receiving Party's Outside Counsel of record in this Litigation, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this Litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)     Any Party to whom disclosure is reasonably necessary for this Litigation and who has signed the "Agreement To Be Bound by Protective Order" that is attached hereto as Exhibit A;

(c)     Experts of the Receiving Party to whom disclosure is reasonably necessary for this Litigation and who have signed the "Agreement

To Be Bound by Protective Order" (Exhibit A);

        (d)     the Court and its personnel;

        (e)     jurors selected for the trial of this Litigation;

        (f)     any person present in the courtroom during any hearing on this Litigation, the trial of this Litigation, or any appellate hearing on this Litigation;

        (g)     court reporters (other than those who are Court personnel), their staffs, and professional vendors to whom disclosure is reasonably necessary for this Litigation and who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A);

        (h)     during their depositions, witnesses in this Litigation to whom disclosure is reasonably necessary and who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A).

        (i)     the author of the document or the original source of the information.

    7.4    Nothing herein shall restrict the manner in which the Producing Party may use or disclose its own Protected Material.

8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Receiving Party is served with a subpoena or an order that would compel disclosure of any information or items designated in this Litigation as "Confidential" the Receiving Party must so notify the Producing Party, in writing (by fax or e-mail, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order.

The Receiving Party also must immediately inform in writing the person or entity who caused the subpoena or order to issue that some or all the material covered

by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the person or entity that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Producing Party in this case an opportunity to try to protect its confidentiality interests in the event it is the subject of a subpoena or order. The Producing Party shall bear the burden and expense of seeking protection of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Litigation to disobey any lawful directive.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement To Be Bound" that is attached hereto as Exhibit A.

10. FILING PROTECTED MATERIAL

(a) Filing under Seal. The Court's entry of this Order shall constitute authority for the Parties to file in this Litigation with the Court documents containing or referring to any Protected Material without the necessity of filing a separate motion for leave to file under seal. The Clerk is **DIRECTED** to file the designated documents under seal.

As to any filing under seal, the filing Party **SHALL**: (i) deliver to the Clerk's Office a .pdf formatted disk containing all documents being filed under seal along with a chambers courtesy copy (3-holed punched and in binders, with tabs) of all sealed documents; and (ii) contemporaneously file a redacted version of any motions or briefs (as opposed to sealed exhibits to such motions or briefs).

(b) <u>Filing not under Seal</u>. With written permission from the Designating Party, a Receiving Party may file with the Court Protected Material without the necessity of filing such Protected Material under seal.

(c) <u>Automatic Expiration of Sealed Status unless Extended by Court Order</u>. The sealed status of any documents **SHALL** expire thirty (30) days after the date on which such documents are filed under seal unless this Court extends such sealed status. In order to obtain an extension of such sealed status, the Party or non-party seeking such extension (which the Court anticipates will almost always be the Designating Party) **SHALL**, within twenty (20) days of the filing which the Designating Party wishes to remain, in whole or in part, file <u>both</u> of the following: (1) a redacted version of each document as to which the person seeks such extension (unless a redacted version has already been filed); and (2) a motion requesting such extension. Such motions are hereby authorized to be filed under seal in the manner set out in subparagraph (a) of this Paragraph 10. The redacted versions of prior filings may not be filed under seal.

In any such motion, the person seeking an extension of the sealed status of any Protected Material **MUST** show, separately as to <u>each</u> document or thing for which an extension of sealed status is sought, why it is confidential at all, and, if only portions are confidential, what those portions are and why those portions are confidential. Such motions are hereby authorized to be filed under seal in the manner set out in subparagraph (a) of this Paragraph 10.

11. <u>USE OF PROTECTED MATERIAL AT TRIAL OR IN DEPOSITION</u>

Nothing herein shall prevent any of the Parties from using "Confidential" materials in connection with any trial, hearing, deposition of a Party or third party witness, or any other proceeding in this Litigation or from seeking further protection with respect to the use of any such "Confidential" materials in connection with such trial, hearing, deposition of a Party or third party witness, or other proceeding in this Litigation.

12. <u>FINAL DISPOSITION</u>

Unless otherwise ordered, or agreed to in writing by the Producing Party, within sixty (6) days after the final termination of this Litigation, each Receiving Party must destroy or return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION) above.

13. <u>INADVERTENT PRODUCTION OF PRIVILEGED INFORMATION</u>

13.1 Nothing in this Order shall require disclosure of information that counsel contends is protected from disclosure by the attorney-client privilege, the work-product immunity, or any other legally cognizable privilege. If information subject to a claim of attorney-client privilege, work-product immunity, or any other applicable privilege is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or immunity for such information. If a Party has inadvertently or mistakenly produced a document subject to a claim of immunity or privilege, upon request by the Producing Party within three (3) business days of discovery of such inadvertent or mistaken production, the document for which a claim of inadvertent production is made shall be returned within three (3) business days of receipt of such request by the Receiving Party, and all copies of such document shall be destroyed by the Receiving Party to the extent reasonably practicable, and the Receiving Party shall not use such information for any purpose other than in connection with a motion to compel. To the extent during the interim that any privileged information has been

disclosed to persons not entitled to view it, and the Producing Party has requested its return within the time permitted by this Order, the Receiving Party shall use its best efforts to retrieve the privileged information from such person(s). The Party returning such material may then move the Court for an order compelling production of the material, but said motion shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent production.

14. MISCELLANEOUS

14.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court.

14.2 Right to Assert Other Objections. By complying with this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3 Right to Request or Agree Upon Additional Protection. Nothing in this Order abridges the right of any person to seek additional protection of documents from the Court or to agree upon additional protection of documents with any other person. The Parties may seek or request additional protection of documents upon a showing of good cause; provided, however, the efforts to seek or request additional protection **SHALL** be made in good faith and without the intent to harass or annoy a Party or a non-party or to delay or increase the expense of discovery.

14.4 If a non-party provides discovery in connection with this Litigation, and if the non-party so elects, then the provisions of this Order shall apply to such discovery as if such discovery were being provided by a Party. Under such circumstances, the non-party shall have the same rights and obligations under this Order as a Party.

14.5 Disclosure Required by Law. Nothing in this Order shall act to prevent any person from disclosing information to, producing documents to, or otherwise cooperating with, any entity or agency with legal authority to obtain such information or documents.

**DONE** and **ORDERED** this 7th day of September, 2017.

                                              **VIRGINIA EMERSON HOPKINS**
                                              United States District Judge

# **EXHIBIT A**
# **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued in the case of _____, _____ - VEH. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I submit to the jurisdiction of the United States District Court for the Northern District of Alabama for purposes of enforcing this Agreement and the Protective Order. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____