IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| MICHAEL STANLEY TOWNSEL, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 4:17-CV-516-VEH ) |
| KIM THOMAS, et al., | ) ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' REPLY**

In response to Plaintiffs' Reply in Support of Joint Motion to Compel Production of Certain Defendants' Emails (the "Reply[1]"), DOC Defendants state as follows:

Defendants stand on their previous arguments presented in their initial Response (the "Response") to Plaintiffs' Motion to Compel but felt it necessary to address the following items included in the Reply.

### I. Overly Broad Search Terms

Defendants have steadfastly asserted that Plaintiffs' search terms would yield too many results. Contrary to Plaintiffs' position, Defendants are not just now making this assertion *Id.* at p. 2. As predicted, once Defendants received the results

---

[1] The Reply is Doc. 103 in the *Miller* case; Doc. 88 in the *McGregor* case; Doc. 89 in the *Townsel* case, Doc. 48 in the *Casey* case; and Doc. 57 in the *Zeller* case.

1

for the number of hits Plaintiffs requested, the results demonstrated too many results.[2]

Defendants' assertions that Plaintiffs' search terms were over broad was not based on any "information advantage," but simple common-sense. Defendants' Response sets out in detail how the terms are overly broad. As an example, searching emails of two former Wardens of St. Clair Correctional Institute ("St. Clair"), along with two other higher-level employees for 27 different search terms ranging from "Weapon!" to "News!" to "Assessment" from January 1, 2014 to the present is over broad[3]. Not surprisingly, the results of this search group came up with **72,132** hits (20,766; 6,326; and 14,620 for these three terms respectively). The searches were not limited to the times the Wardens were located at St. Clair. Both Wardens went on to work as wardens at other DOC facilities.

These cases involve five separate inmate on inmate attacks which occurred in the first quarter of 2015. An email sent to Warden Estes, in 2018 (while he is the Warden of Limestone Correctional Facility) which includes the words "weapon," "news," or "assessment" has nothing to do with these cases. It does not take any "information advantage" to realize this.

---

[2] 132,256 documents.
[3] As requested by Plaintiffs in I.2.A. of their Second and Third Proposed Search and Review Protocol (Plaintiffs' Initial Motion at Exh. A p. 3 and Exh. B p. 45).

Plaintiffs state "[e]ach of Plaintiffs' search terms hews closely to allegations included in Plaintiffs' complaints." (Reply at p. 5). Even though (as example) Plaintiff Miller's First Amended Complaint is 68 pages and contains 316 paragraphs, Defendants disagree that all Plaintiffs' search terms "hew[] closely" to Plaintiffs'' allegations. Plaintiffs claim they provided "reasonable" time limits for their searches. Defendants disagree with this as well. Plaintiffs provide no temporal limitations to the emails with Plaintiffs and alleged attackers, Plaintiffs seek emails from three years prior to the alleged attacks to over six months after the attacks for other searches, and another set of searches is for emails from over a year prior to the alleged attacks to the present date. This is not reasonable.

Plaintiffs continue to taut that they have "already agreed to forgo discovery into *half* of the 30 Defendants' emails." (Reply at p. 6)(emphasis in original). Plaintiffs fail to note that many of these Defendants either did not have DOC email addresses or never used them. Plaintiffs should be aware of this fact because Defendants have repeatedly pointed this out every time Plaintiffs allege they have made this "concession." (See Exh. B to Plaintiffs' Motion at p. 32 and Response).

**II.　Grouping**

Plaintiffs claim, "Defendants reveal for the first time that they have conducted searches of an earlier version of Plaintiffs' protocol, unhelpfully grouped to obscure the number of hits for individual search terms." (Reply at p. 1). Defendants

conducted the searches of emails demanded by Plaintiffs in the Plaintiffs' Second Proposed Search and Review Protocol because Defendants never received Plaintiffs' Third Proposed Search and Review Protocol prior to Plaintiffs attaching it to their Motion to Compel. (Doc. 82-2; Exh. A).

Prior to Plaintiffs filing their Motion to Compel, Defendants requested that the state's Office of Information Technology ("OIT") run all the Plaintiffs' requested search terms. As set forth in the Response, Alabama's OIT had control over all the Defendants' archived emails. Individual DOC employees could only search the limited emails on their own computers and did not have the ability to access the archived emails as Plaintiffs claim.

The number of documents responsive to each group of search terms was based on Plaintiffs' grouping and was not "unhelpfully grouped to obscure the number of hits for individual search terms" by Defendants. (Reply at p. 1). Plaintiffs provided the grouping. Last week Defense counsel further ran over 100 searches and provided the number of hits for each search word and/or combined searches (as set out in Plaintiffs' Third Proposed Search and Review Protocol) on all the documents in Defense counsel's possession. As addressed in the last telephonic hearing with the Court, Defendants are still working with Plaintiffs to further refine the searches to come to a mutual agreement.

### III. Caselaw

The cases cited by Plaintiffs,[4] are not controlling (both are at the district court level- one is from North Dakota and the other is from Georgia) and only reaffirm the Court's discretion over electronic discovery. Defense counsel has operated nothing like the "offending" parties in the cases cited by Plaintiffs. At times, Defense counsel has not been able to respond as timely to Plaintiffs' demands as Plaintiffs wish, but operating through multiple state agencies is not a simple process.

Contrary to Plaintiffs' claims, Defendants have repeatedly attempted to limit search terms to a reasonable amount of hits related to these cases. Defense counsel has done everything in their power to reach an agreement with Plaintiffs' counsel regarding this issue. Defense counsel has 1) had phone conversations, emailed, and exchanged letters with Plaintiffs; 2) emailed, talked on the phone, and met with OIT personnel; 3) emailed and talked on the phone to internal DOC IT personnel; 4) provided the search capabilities of OIT to Plaintiffs; 5) provided the search capabilities of Defense counsel's documents management system to Plaintiffs; 6) provided Plaintiffs with the numbers of hits for search term groups; 7) provided the number of hits for over 100 individual search terms; and 8) repeatedly requested Plaintiffs' assistance to limit the number of documents. Defendants have attempted

---

[4] *Venturedyne, Ltd. v. Carbonyx*, 2016 WL 6694946 (N.D. Ind. Nov. 15, 2016) and *Kipperman v. Onex Corp.*, 2008 WL 4372005 (N.D. Ga. Sept. 19, 2008).

to comply with every one of Plaintiffs' requests and questions. All the while, Defendants have never waived any objection to Plaintiffs' search terms, but instead objected over and over to them.

## IV. Culliver

Plaintiffs also incorrectly state in their Reply, "Defendants are already under an obligation to search for and record on a privilege log documents pertaining to this matter, including email communications. Plaintiffs' understanding is that Defendants are already undertaking a comprehensive search for emails within ADOC's possession on this topic, separate from Plaintiffs' proposal." (Reply at pp. 16-17.) Plaintiffs' claim suggests that DOC engage in an all-out search of any and all emails from any and all sources related to Grantt Culliver. This was not argued by Plaintiffs at prior telephone hearings. This is not covered in the Judge's Order regarding Grantt Culliver and is not what Defendants are undertaking.

Defendants did search former commissioner, Billy Sharp's, emails over the first two weeks that he was Commissioner and have already provided this update to the Plaintiffs, the Court, and written a detailed letter regarding this which Defendants sent to the Plaintiffs. Plaintiffs' statement is not consistent with Defendants' understanding of the Court's position regarding searching Culliver's emails.

## V. Privilege Log

For the first time in Plaintiffs' Reply they state they have "no objection to Defendants withholding (and not logging) any communications exclusively between any Defendants and any of the Defendants' counsel in this action …" (Reply at p 6). This is contrary to the Plaintiffs' position so far and that set out in their Third Proposal ("Defendants shall provide Counsel for Plaintiffs with a privilege log for any emails withheld on the basis of privilege."). (Exh. A to Plaintiffs' Motion at p. 5). This "concession" should make the privilege log much easier and hopefully speed up the process of providing the responsive documents.

## Conclusion

Plaintiffs' have shown an inflexibility regarding their overly broad search terms. Plaintiffs insisted on filing a Motion to Compel instead of attempting to resolve the issues. Plaintiffs now ask the Court to allow them 132,256 DOC documents from high ranking DOC officials, including the former Commissioner, the current Commissioner and multiple wardens. Plaintiffs never attempted to reach a compromise, but instead sought to ask the Court to Order the Defendants produce over 100,000 documents to find any possible wrongdoing by any DOC employee. Plaintiffs should not be rewarded by being able to go on a fishing expedition though DOC's emails. Defendants are continuing to work in good faith to reach an agreement with Plaintiffs' counsel regarding the production of Defendants' emails.

Respectfully submitted,

                                    */s/ W. Allen Sheehan*
                                    **ROBERT F. NORTHCUTT (ASB-9358-T79R)**
                                    **W. ALLEN SHEEHAN (ASB-7274-L69S)**
                                    **C. RICHARD HILL (ASB-0773-L72C)**
                                    *Counsel for Defendants*

**CAPELL & HOWARD, P.C.**
Post Office Box 2069
Montgomery, AL 36102-2069
Email: bob.northcutt@chlaw.com
       allen.sheehan@chlaw.com
       rick.hill@chlaw.com

                                    */s/ Bart G. Harmon*
                                    **Bart G. Harmon (ASB-4157-R61B)**
                                    *Counsel for Defendants*

**Alabama Department of Corrections**
Legal Division
PO Box 301501
Montgomery, AL 36130-1501
Bart.Harmon@doc.alabama.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of March 2019 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record as follows:

Russell Rourke Ainsworth
Ruth Zemel Brown
Theresa Kleinhaus
Sarah Grady
Roshan Bala Keen
Rachel Brady
Megan C. Pierce
**LOEVY & LOEVY**
311 N. Aberdeen Third Floor
Chicago, IL 60607

Henry F. Sherrod, III
**HENRY F. SHERROD, III, P.C.**
119 South Court Street
P.O. Box 606
Florence, AL  35631-0606

/s/ W. Allen Sheehan
Of Counsel